UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

DENNIS CLARK,

                Plaintiff,

         -against-

Q REALTY & DEVELOPMENT GROUP CORP,

                Defendant.

-------------------------------------------------------------X

Docket No. 1:18-cv-4340

**ANSWER**

**DEFENDANT DEMANDS TRIAL BY JURY ON ALL ISSUES**

Defendant Q REALTY & DEVELOPMENT GROUP CORP ("Defendant") hereby responds to the Summons and Verified Complaint ("Complaint") of Plaintiff DENNIS CLARK ("Plaintiff") as follows:

## NATURE OF THE ACTION

1.    The allegations contained in paragraph 1 of the Complaint calls for a legal conclusion for which no responsive pleading is required. To the extent paragraph 1 of the Complaint contains factual allegations and a responsive pleading is required, Defendant denies knowledge or information sufficient to form a belief as to whether Plaintiff is a New York based professional photographer and denies the remainder of the factual allegations contained in paragraph 1 of the Complaint.

## JURISDICTION AND VENUE

2.    The allegations contained in Paragraph 2 of the Complaint call for a legal conclusion for which no responsive pleading is required. To the extent a responsive pleading is required, Defendant admits that this Court generally has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) over cases that arise under the Copyright Act, 17 U.S.C. § 101 *et seq*.

1

3. The allegations contained in Paragraph 3 of the Complaint call for a legal conclusion for which no responsive pleading is required. To the extent Paragraph 3 contains factual allegations, Defendant admits that it transacts business in New York.

4. The allegation contained in Paragraph 4 of the Complaint calls for a legal conclusion for which no responsive pleading is required.

## PARTIES

5. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint.

6. Defendant admits Q Realty is a business corporation duly organized and existing under the laws of New York, with a place of business at 500 4th Avenue, Suite 3, Brooklyn NY, 11215. Defendant admits Q Realty is registered with the New York Department of State Division of Corporations to do business in the State of New York. Defendant also admits that it owns www.qrealtyny.com. Except as so expressly admitted, Defendant denies all remaining allegations in Paragraph 6 of the Complaint.

## STATEMENT OF FACTS

### A. Background and Plaintiff's Ownership of the Photograph

7. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint.

8. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint.

9. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint.

10. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint.

### B.     Defendant's Infringing Activities

11. Defendant admits the allegations contained in paragraph 11 of the Complaint to the extent that it alleges that on March 15, 2016, an article was posted on the Website entitled *City Council to Approve de Blasio housing plans, with changes* and that said article did contain the Photograph, among other photographs. Except as so expressly admitted, Defendant denies all remaining allegations contained in Paragraph 11 of the Complaint.

12. Defendant admits the allegations contained in paragraph 12 of the Complaint, except denies that it was legally required to obtain licensing or permission from plaintiff to post the Photograph on its Website.

## FIRST CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT AGAINST DEFENDANT
## (17 U.S.C. § 106 & 501)

13. Defendant incorporates by reference each and every response contained in paragraphs 1 through 12 of this Answer as if fully set forth and incorporated herein.

14. The allegations contained in Paragraph 14 of the Complaint calls for legal conclusions for which no responsive pleading is required. To the extent a responsive pleading is required, Defendant denies the allegations contained in paragraph 14 of the Complaint, but admits that Q Realty has never obtained a license to reproduce, publicly display, distribute/and or use the Photograph.

15. The allegations contained in Paragraph 15 of the Complaint call for legal conclusions to which no responsive pleading is required. To the extent a responsive pleading is

required, Defendant denies the allegations contained in Paragraph 15 of the Complaint, and in particular Defendant denies that it violated any copyright laws.

16. Defendant denies each and every allegation contained in paragraph 16 of the Complaint.

17. Defendant denies each and every allegation contained in Paragraph 17 of the Complaint.

## SECOND CLAIM FOR RELIEF
## INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST DEFENDANT
## (17 U.S.C. §1202)

18. Defendant incorporates by reference each and every response contained in paragraphs 1 through 17 of this Answer as if fully set forth and incorporated herein.

19. Defendant denies the allegations contained in Paragraph 19 of the Complaint. .

20. Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21. The allegations contained in Paragraph 21 of the Complaint calls for legal conclusions to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23. The allegations contained in Paragraph 23 of the Complaint calls for legal conclusions to which no responsive pleading is required. To the extent a responsive pleading is required, Defendant denies the allegations in Paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25. Defendant denies the allegations contained in Paragraph 25 of the Complaint.

## **PRAYER FOR RELIEF**

Defendant denies that Plaintiff is entitled to any of the relief requested by him or that he is entitled to any relief at all.

## **AFFIRMATIVE DEFENSES**

### **AS AND FOR A FIRST AFFIRMATIVE DEFENSE**
**(Failure to State a Claim)**

26. Plaintiff fails to state a claim against Defendant upon which relief may be granted.

### **AS AND FOR A SECOND AFFIRMATIVE DEFENSE**
**(Failure to Join Indispensable Parties)**

27. Plaintiff has failed to join or confer this Court's jurisdiction over parties whose presence is necessary and proper to the resolution of Plaintiff's claims and/or Defendant's defenses.

### **AS AND FOR A THIRD AFFIRMATIVE DEFENSE**
**(Fault of Others)**

28. Any loss, injury, damage or detriment actually suffered or sustained by Plaintiff was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness negligence, recklessness, fraudulent and/or intentional misconduct or action of parties other than Defendant.

### **AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**
**(First Amendment)**

29. The claims and or remedies sought by Plaintiff are barred by the First Amendment of the United States Constitution.

### **AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**
**(Fair Use Doctrine)**

Plaintiff's claims for relief are barred by Section 107 of the Copyright Act, 17 U.S.C. §107.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE
### (Elements Not Protected by Copyright)

30. Plaintiff's copyright claims are barred to the extent that Plaintiff claims rights to elements of the photograph that are not original or are otherwise not protectable by copyright and/or are not protected by the asserted copyright.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE
### (No Copyright Infringement)

31. Defendant has not infringed, does not infringe (either directly or indirectly), and is not liable for infringement of any valid copyright or copyright rights of Plaintiff.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE
### (Public Domain)

32. Plaintiff's works are in the public domain and therefore are not protectable by copyright and/or are not protected by the asserted copyright.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE
### (Merger Doctrine)

33. Plaintiff's claims are barred by the merger doctrine and therefore are not protectable by copyright and/or are not protected by the asserted copyright.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE
### (Scènes à Faire)

34. Plaintiff's alleged work or portion thereof constitute Scènes à Faire and therefore are not protectable by copyright and/or are not protected by the asserted copyright.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE
### (Equitable Estoppel)

35. Plaintiff's claims or some or all of the relief sought for such claims are barred by the doctrines of acquiescence, waiver, estoppel, or laches.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE
### (Copyright Misuse and/or Unclean Hands)

36. Some or all of Plaintiff's claims are barred because Plaintiff has engaged in copyright misuse and has unclean hands.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE
### (Innocent Intent)

37. Plaintiff's Damages are mitigated in whole or in part, because Defendant's conduct was in good faith and with non-willful intent, at all times.

## ADDITIONAL DEFENSES

38. Defendant reserves the right to supplement or amend this answer, including through the addition of further affirmative defenses, based upon the course of discovery and proceedings in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendant prays for judgment as follows:

1. Dismissing Plaintiff's Complaint in its entirety and ordering that Plaintiff takes nothing by reason of his Complaint against Defendant;

2. Awarding Defendant costs of suit herein;

3. Awarding Defendant's reasonable attorney's fees; and

4. For such other and further relief as this Court may deem just and proper.

## JURY TRIAL DEMAND

Defendant demands a Trial by Jury on all issues triable by jury under applicable law.

Dated: New York, New York
October 19, 2018

TAMIR LAW GROUP PC

*/s/ Zaki Isaac B. Tamir*
Zaki Isaac B. Tamir
80 Broad Street, 13th Floor
New York, NY 10004
P: (212) 444-9970
E: isaac@tamirlawgroup.com
*Attorneys for Defendant*

7